UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANDREW PULLOS, d.b.a. PRECISION ENGINEERING,

    Plaintiff,

v.

ALLIANCE LAUNDRY SYSTEMS, LLC,

    Defendant.

3:07-CV-0169-LRH-RAM

ORDER

    Before the court is plaintiff Andrew Pullos' ("Pullos") motion to alter or amend the court's order granting defendant Alliance Laundry Systems, LLC's ("Alliance") motion for summary judgment on Pullos' antitrust claims (Doc. #78[1]) filed on August 17, 2009. Doc. #79. Also before the court is Pullos' motion to alter or amend the court's order granting Alliance's motion for summary judgment on Pullos' remaining causes of action (Doc. #80) filed on September 11, 2009. Doc. #87.

**I.    Facts and Procedural History**

    This is an antitrust and unfair trade practices dispute involving the manufacturing and sale of commercial laundry equipment.[2] Pullos owned Precision Engineering, a sole proprietorship that

---

[1] Refers to the court's docket entry number.

[2] For a history of the dispute between the parties and the underlying litigation see this court's July 28, 2009 order granting Alliance's motion for summary judgment and denying Pullos' motion for summary

manufactured and sold steel bases for commercial washing machines. Alliance manufactures and sells commercial washing machines as well as numerous other types of laundry.

On April 26, 2007, Pullos filed a complaint alleging six causes of action against Alliance: (1) restraint of trade in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1; (2) monopolization in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2; (3) tying in violation of Section 3 of the Clayton Act, 15 U.S.C. § 14; (4) "disparagement" in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125; (5) interference with prospective economic advantage; and (6) intentional infliction of emotional distress. Doc. #5.

Alliance moved for partial summary judgment on the antitrust claims (Doc. #56) and subsequently moved for partial summary judgment on the remaining claims (Doc. #58). The court granted Alliance's motion for partial summary judgment on the antitrust claims finding that Pullos failed to provide any evidence of monopolization, tying, or anti-competitive effects in Alliance's actions. Doc. #78. The court also granted Alliance's motion for partial summary judgment on the remaining claims finding that, once again, Pullos failed to present any evidence of extreme emotional distress, his prospective economic advantage, or misrepresented commercial marketing . Doc. #80. Thereafter, Pullos filed the present motions to alter or amend pursuant to Fed. R. Civ. P. 59(e). Doc. ##79, 87.

**II.    Discussion**

Federal Rule of Civil Procedure 59(e) provides district courts with a means of correcting any errors in a judgment while the court still holds jurisdiction. *See Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). Reconsideration of an order or judgment under Rule 59(e) is an extraordinary measure that should be granted only when the district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

---

judgment (Doc. #78).

1    Here, Pullos argues that the court misinterpreted and discounted the evidence he provided in
2 response to the motions for summary judgment. He takes numerous issues with the court's view of
3 the evidence, the weight attributed to witnesses, and the application of the rules of evidence. He
4 also disagrees with the court's interpretation of precedent and the application of the facts to the law.

5    However, Pullos does not identify any newly discovered evidence. All of the deposition
6 testimony included as exhibits to his motions was available at the time of, and provided for, the
7 summary judgment briefings. Rather than direct the court to any new evidence, Pullos simply takes
8 issue with the court's characterization of his evidence. Yet, this court devoted significant time to
9 addressing plaintiff's claims and the applicable law. *See* Doc. ##78, 80.

10    Accordingly, the court finds that Pullos' motions fail to provide any newly discovered
11 evidence or any demonstration of clear error by this court. Absent new evidence or a showing of
12 clear error of law, Pullos' motions must be denied. *See Defenders of Wildlife v. Bernal*, 204 F.3d
13 920, 929 (9th Cir. 2000).

14    IT IS THEREFORE ORDERED that plaintiff's motion to alter or amend (Doc. #79) is
15 DENIED.

16    IT IS FURTHER ORDERED that plaintiff's second motion to alter or amend (Doc. #87) is
17 DENIED.

18    IT IS SO ORDERED.
19    DATED this 14th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3